COVERSON, etc. v. CARPENTA, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8951. Decided Nov. 5, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

ACTIONS.

(10 Pa) Face of petition having made case in which all defendants are rightfully joined and service having been had, on one or more, in county where suit is brought and on others in another county, question of jurisdiction of court, over persons of defendants served in other county, must be raised by answer. Trial court without authority to pass upon question of jurisdiction until such answer is filed and evidence introduced.

Jerome W. Moss, Cleveland, for Coverson.

Nicola & Horn, Cleveland, for Carpenta, et.

HISTORY:—Action in Common Pleas by Coverson against Carpenta and others. Sanda, defendant, filed motion to quash service. Motion sustained by Common Pleas. Coverson brings error. Judgment reversed. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

In the Common Pleas Court, Mike Sanda, one of the defendants in the above entitled action, through his counsel, filed a motion, without entering his appearance in said action, for an order to quash service of summons had upon him, for the reason that there was a misjoinder of parties defendant, and that he, as a non-resident, could not be joined in such action. This motion was sustained by the trial court and service of summons was accordingly ordered quashed. The correctness of the ruling of the trial court is now before us.

The petition is predicated upon the theory that a certain unincorporated society, through its officers and members, gave a fireworks exhibition and suit is brought against such officers and members who participated in the fireworks exhibition. Insofar as Mike Sanda is concerned, the petition charges that he was the manufacturer who furnished defective explosives which caused an injury to plaintiff, and in addition the petition charges that all of the defendants, including Mike Sanda, were careless and negligent in allowing and permitting dangerous and defective fireworks and explosives to be discharged; careless and negligent in failing to place competent and experienced servants in charge of the exhibition, and in failing to provide proper safeguards for the safety of spectators and invited guests of whom the plaintiff was one.

LEVINE, J.

The allegations of the petition, in our opinion, charge joint negligence against all the defendants named, and it also in substance alleges active participation in the negligent acts and omissions by all of the defendants complained of.

The Sections of the General Code which permits the service of summons against non-resident defendants in certain cases is Sec. 11282 GC., entitled, "When summons may issue to another county," as follows:

"When the action is rightly brought in any county according to the provisions of the next preceding chapter, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request; * * *"

It is conceded that insofar as certain defendants, who were officers and members of the unincorporated society is concerned, that the action was rightfully brought against them in Cuyahoga County, all of them being residents of Cuyahoga County.

The case of **Drea v. Carrington, et al, 32 OS. 595**, is pertinent to the point under discussion.

It seems clear that if upon the face of the petition a case is made in which all the defendants are rightfully joined and service is made on one or more in the county where the suit is brought and on the others in another county, the question of the jurisdiction of the court over the persons of the defendants served in such other county, must be raised by answer and that it becomes one of the issues in the case. The trial court is without authority to pass upon the question of jurisdiction until such answer is filed and the evidence introduced upon all pertinent issues including the question of jurisdiction.

We are of the opinion that the trial court erred in ruling upon the motion as it did, and the judgment of the Common Pleas Court will therefore be reversed with instructions to overrule the motion to quash, filed by Mike Sanda.

(Sullivan, PJ., and Vickery, J., concur.)